\*\*E-Filed 07/15/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MARIA ROBLEDO,<br><br>                  Plaintiff,<br><br>     v.<br><br>MI PUEBLO FOOD CENTER and Does 1 to 10, Inclusive,<br><br>                  Defendants. | Case Number: 11-CV-1539 (PSG)<br><br>**ORDER GRANTING MOTION TO REMAND**[1]<br><br>[re: docket no. 9] |

      Plaintiff Maria Robledo ("Robledo") brought suit in the Santa Clara county Superior Court against Defendant Mi Pueblo ("Mi Pueblo"), alleging unfair employment practices and violations of the California Business and Professions Code. Mi Pueblo removed the action to this Court, asserting federal question jurisdiction and federal preemption under the Immigration Reform and Control Act ("IRCA"). Robledo moves to remand.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

Robledo alleges that she was wrongfully discharged by Mi Pueblo in retaliation for her complaints regarding discriminatory employment practices, including discrimination against African Americans in hiring and employing undocumented aliens in violation of federal law, thereby depressing wages and working conditions. *Id*. ¶¶ 9-10. She asserts five claims for relief: 1) unlawful retaliation in violation of Government Code § 12940(h), 2) wrongful termination in violation of public policy, 3) intentional infliction of emotional distress, 4) negligent infliction of emotional distress, and 5) violation of unfair competition law. *Id*. ¶¶ 13-39. She seeks damages, attorney's fees, and declaratory and injunctive relief. *Id.* p. 8  Mi Pueblo removed the case to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, asserting that Robledo's allegations with respect to IRCA necessarily raise a federal question. Mi Pueblo also asserts that the relief Robledo seeks necessarily implicates IRCA, which preempts Robledo's state law claims.

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The "strong presumption" against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper" and that "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presence or absence of federal jurisdiction is determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## III. DISCUSSION

**A. Federal Question Removal Jurisdiction**

A defendant may remove a civil action from a state court if the district court has original

2

jurisdiction over the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. When the complaint is based on state law, then the action is removable if 1) the complaint raises a stated legal issue, 2) determination of the federal issue is necessary to the resolution of the claim, 3) the federal issue is actually disputed, 4) the federal issue is substantial, and 5) the federal court is able to entertain the claim "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mgf.*, 545 U.S. 308, 314 (2005).

The *Grable* requirements are not met here. All of Robledo's claims for relief are based on California law. While Mi Pueblo claims that Robledo's fifth claim for relief is expressly preempted by IRCA, as well as by the doctrine of conflict preemption, the principal case upon which Mi Pueblo relies, *Lozano v. City of Hazleton*, 620 F.3d 170 (3d Cir. 2010) has since been vacated by the Supreme Court in *US of Am. Chamber of Commerce v. Whiting*, 563 U.S. ____ (2011).

Robledo also argues that §17200 of the California Business and Professions Code, upon which her fifth claim for relief is based, is broader than IRCA, and that a jury could find that Mi Pueblo violated §17200 even without finding that Mi Pueblo's practices also violated IRCA. Mot. to Remand at 5. Robledo also alleges that Mi Pueblo refused to hire any African-Americans, created a hostile work environment for female employees, and retaliated against employees for complaining about unfair and illegal practices. At oral argument Robledo clarified that she does not intend to assert any claims under federal law or seek an injunction against Mi Pueblo's alleged practice of hiring undocumented workers.

**B. Federal Preemption**

The well-pleaded complaint rule makes removal based on federal question jurisdiction improper unless "the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1266 (2009). "The artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that '[a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from

3

1  the complaint allegations of federal law that are essential to the establishment of his claim.'"
2  *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  Contained within
3  the artful pleading doctrine is the doctrine of complete preemption, under which "certain federal
4  statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming
5  within the scope of the federal statute are transformed, for jurisdictional purposes, into federal
6  claims, i.e., completely preempted."  *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir.
7  2005).  Only three statutes have been found by Supreme Court  to have the requisite
8  extraordinary preemptive force to support complete preemption: the Labor-Management
9  Relations Act, the Employee Retirement Income Security Act, and the National Bank Act.  *Id.*
10 This list may be expanded only where a "federal statute ... both preempts state law and
11 substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action."
12 *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).  Federal
13 immigration law, including IRCA, does not meet this requirement.

## IV.  ORDER

Good cause therefor appearing, the motion for remand is GRANTED.  The Clerk shall transfer the file to the Santa Clara county Superior Court.

IT IS SO ORDERED.

DATED: 07/15/2011

JEREMY FOGEL
United States District Judge